IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00136-KDB-DSC

| | |
|---|---|
| JILL C. MOONEYHAM, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 18). The Court has carefully considered this motion and the parties' briefs and exhibits. As discussed briefly below, because the Court finds that there are numerous genuinely disputed material facts and Defendant is not entitled to judgment as a matter of law, summary judgment should not be entered. Whether or not FedEx violated Ms. Mooneyham's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12101 *et. seq.,* or the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(4)(A), must be decided by the jury at the trial of this matter, if the case is not resolved earlier by the parties.[1] Accordingly, Defendant's motion will be **DENIED**.

I.  **LEGAL STANDARD**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Entry of this Order does not relieve the Parties of their obligation under the case management order to discuss settlement following the filing of a motion for summary judgment, Doc. No. 12 at 8, and indeed they are encouraged to work together to carefully explore whether a voluntary resolution can be reached in this matter.

1

56. A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)**.** "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *see also Anderson*, 477 U.S. at 255. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations."

*Id.* at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id.* If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id.* at 249-50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id.* at 252.

## II.  DISCUSSION

Plaintiff is a former FedEx employee. Beginning in 1988 she worked as a courier for 15 years before she suffered a knee injury that left her unable to work as a courier. Following her injury, she was offered a position as a service assurance agent then, after two years, became, at FedEx's request, an administrative assistant to a Senior Manager. She then served as an administrative assistant to a succession of FedEx executives for over a dozen years, earning considerable praise for her work.  During most of the time she worked as an administrative assistant, however, she was technically still classified by FedEx as a "courier," which enabled her to make additional compensation (again with the blessing of her executive supervisors who wanted to retain her services).

The Parties relationship soured in 2018 after Mooneyham returned from medical leave after carpal tunnel surgery. At that time, FedEx refused to return her to a clerical position, requiring her to return to work as a courier, which in turn promptly led to a back injury and another medical leave beginning on May 1, 2018. Ultimately, in April 2019, Mooneyham's employment was terminated, according to FedEx, because she was unable to return from leave and perform the essential functions of the courier position (notwithstanding the fact that she had been considered medically unable to perform that job since 2004). Following her termination, Plaintiff timely satisfied her obligations to pursue a claim with the EEOC and filed this action in October 2019 asserting claims under both the ADA and the FMLA.

Defendant now seeks summary judgment based on its argument that FedEx did not violate either the ADA or the FMLA because FedEx allegedly has no "administrative assistant" position and Plaintiff could not perform the essential functions of the courier position in which she was classified. However, as Plaintiff amply establishes in her response to FedEx's motion, these (at best hyper-technical) arguments ignore FedEx's long history of actually employing her – apparently for the mutual benefit of both parties – as an administrative assistant regardless of her job "classification" and FedEx's refusal to return her to a clerical position (or show that it would be an undue burden to do so).

In an ADA wrongful discharge case, a plaintiff establishes a prima facie case if she demonstrates that: (1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of her discharge, she was performing the job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir.

4

Case 5:19-cv-00136-KDB-DSC   Document 22   Filed 03/25/21   Page 4 of 6

2001). There is no dispute here as to either the first or second elements. As to the third and fourth elements, the Court finds that, at a minimum, Plaintiff has proffered facts from which a reasonable jury could conclude that she was performing her *assigned* job (regardless of her "classification") at an acceptable level and that unlawful discrimination can reasonably be inferred from the circumstances of her discharge.

Similarly, Plaintiff has proffered sufficient evidence to establish a claim for failure to accommodate under the ADA. To establish a claim for failure to accommodate an employee must prove that: (1) the employee is a qualified individual with a disability within the meaning of the ADA, (2) the employer had notice of the disability; (3) with reasonable accommodation, she could perform the essential functions of the position she held or desired; and (4) the employer refused to make such an accommodation. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). As discussed above, there are at least disputed factual issues related to each of these elements. Therefore, FedEx is not entitled to summary judgment on any portion of Plaintiff's claims under the ADA.

Finally, FedEx has not shown it is entitled to summary judgment on Plaintiff's FMLA claim. A reasonable jury could find that the evidence offered by Mooneyham shows that she was on approved FMLA leave from December 26, 2017 until February 26, 2018 and when she returned from her FMLA leave FedEx refused to restore her to the position she held when she commenced her leave or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. Specifically, she alleges that the courier position FedEx forced her to return to did not have the same conditions of employment as her prior clerical position because the courier position did not have the same job duties that she could perform based on her disability. Therefore, the Court will also deny FedEx's motion with respect to Plaintiff's FMLA claim.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 18) is **DENIED;**

2. This case shall **proceed to trial on the merits of all of Plaintiff's claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 25, 2021

Kenneth D. Bell
United States District Judge